# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 3:16-MJ-206

    -v-.

CAMERON A. WALKER,                    Magistrate Judge Michael J. Newman

    Defendant.

## ORDER OF DETENTION

    This case came on for detention hearing on August 9, 2016, on motion of the United States to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the Defendant as required in this case and the safety of the community.

    The United States relied on the report of the Pretrial Services Officer, the presumption of detainability arising from the nature of the offense and the maximum and minimum sentences, and the probable cause determination made by the Court in issuing the arrest warrant.  Defendant's counsel made an oral argument on his client's behalf. Testimony was offered by the Defendant's mother, Cynthia Yvonne Hopkins.

    Based upon the information presented in the Pretrial Services report, which is unrebutted by Defendant, and for the reasons stated on the record in open court, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the Defendant as required and the safety of the community.  The term "safety of the community" refers to the community's security from

criminal conduct by the Defendant, whether violent or not. *See United States v. Vance*, 851 F. 2d 166, 169-70 (6th Cir. 1988).

The Government's motion to detain is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1)  The Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2)  The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3)  On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a District Judge from this Order must, at the same time as filing the appeal, order a transcript of the detention hearing from the court reporter.

August 9, 2016                                    **s/ Michael J. Newman**
                                                  United States Magistrate Judge